HEIDRITTER LUMBER COMPANY, A CORPORATION, RE-SPONDENT, v. CENTRAL RAILROAD COMPANY OF NEW JERSEY, APPELLANT.

Argued May 21, 1924—Decided January 27, 1924.

On appeal from the Supreme Court, in which the following *per curiam* was filed:

"The plaintiff delivered a carload of coal to the defendant at Nottingham, Pennsylvania, to be forwarded to the defendant at Elizabethport, New Jersey, and when it was delivered to the plaintiff it was found five and four-hundredths gross tons of coal were missing, and the plaintiff brought this suit to recover the value of the shortage. The District Court gave a judgment for the plaintiff for the market value of the coal at point of shipment, as well as the freight and war taxes. From this the plaintiff has appealed, and the question presented is whether the plaintiff was entitled to the value of the coal at destination rather than at the point of shipment,

which was higher than at the point of shipment. It is not denied that the retail price of coal at Elizabethport was higher than at the point of shipment, and the real question at issue is whether the plaintiff was entitled to recover the retail value at the destination rather than the wholesale value at the point of shipment. In *Blessing* v. *Central Railroad Co. of N. J.,* 91 *N. J. L.* 398, the Supreme Court laid down this rule: 'At the common law the measure of damages in the case of a total loss of shipment was—first, the value of the goods at the time and place of destination, and secondly, any incidental damages which were the natural and proximate result of the breach of the contract of carriage.' If this rule be applied, then the plaintiff in the present suit was entitled to recover the value of the goods at the place of destination, and any incidental damages resulting from the breach of contract of carriage. In *Chicago, Milwaukee and St. Paul Railway Co.* v. *McCaull-Dinsmore Co.,* 171 *C. C. A.* (at *p.* 561), which was a suit to recover the difference between the value at point of shipment and destination on a shipment of grain, in which the plaintiff recovered, the defendant claiming that by the contract of shipment the damages should be computed on the basis of the value of the property at the place and time of shipment, to which the court said 'we deem such contention unsound. There was no uncertainty as to the time or place of estimating value under the rule of common law—it was the destination. The evident purpose of the provision in the bill of lading was not to introduce certainty, but to avoid the rule existing at law for the obvious object of escaping the higher valuation which would often arise at destination. Such a provision is unquestionably a limitation, since it forbids application of the established rule,' and held that, notwithstanding the bill of lading, the plaintiff was entitled to recover the value at destination. The case last mentioned was affirmed by the Supreme Court of the United States under the same title (253 *U. S.* 97), in which Mr. Justice Holmes said: 'The rule of common law is not an arbitrary *fiat* but an embodiment of the plain fact that the actual loss caused by the breach of contract

is the loss of what the contractee would have had if the contract had been performed.' We think the cases cited establishes the rule that the measure of damages in such cases is to be assessed as of the value of the cargo at destination. The defendant argues, however, that as the entire quantity was purchased at wholesale, and there being no wholesale market at Elizabethport, the value must be the wholesale price at the point of shipment, and cites some cases which seem to hold with the defendant. But that is not the rule either in this state nor that enforced by the Supreme Court of the United States. To have supplied this lost coal at Elizabethport would have cost the plaintiff more than the wholesale price at the mines or point of shipment. The plaintiff was entitled to replace the coal at its value at destination, because the quantity that was lost could not be bought at wholesale rates anywhere. Our conclusion is that the trial court applied an erroneous measure of damages, and for that reason the judgment will be reversed."

For the appellant, *William A. Barkalow.*

For the respondent, *Arthur Perselay* and *Rusinow & Parvin.*

PER CURIAM.

The judgment under review herein should be affirmed, for the reasons expressed in the opinion of the Supreme Court.

*For affirmance* — THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, WHITE, VAN BUSKIRK, KAYS, JJ.   11.

*For reversal*—None.